# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

NORBERT STURDEVANT,

        Plaintiff,

        v.                                      Case No. 10-C-786

J.P. STADTMUELLER and
CHARLES N. CLEVERT, JR.,

        Defendants.

# ORDER

The plaintiff, Norbert Sturdevant, a federal prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. The plaintiff has also filed a motion for leave to proceed in forma pauperis, a motion to appoint counsel, a motion to change venue, and a motion for recusal. This matter is before the court for resolution of those motions and for screening of the plaintiff's complaint.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). The prisoner lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Therefore, his motion for leave to proceed in forma pauperis will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass."  Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).  To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face."  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The plaintiff presents claims against defendant J. P. Stadtmueller, United States District Judge, and defendant Charles N. Clevert, Jr., Chief United States District Judge, related to their handling and dismissal of the plaintiff's prior civil suits, Case No. 09-C-0884 (E.D. Wis.) and Case No. 10-C-0402 (E.D. Wis.), respectively. Both Judge Stadtmueller and Judge Clevert are protected from suit by absolute immunity. See Forrester v. White,

- 3 -

484 U.S. 219, 225-29 (1988) (Judicial immunity protects judges from the fear of future litigation brought by disgruntled litigants unhappy with the court's decision-making.). Accordingly, the plaintiff's complaint will be dismissed for failure to state a claim.

The plaintiff's remaining motions, for counsel, recusal, and a change of venue, will all be denied as moot because the plaintiff's complaint is being dismissed. The court need not analyze the plaintiff's arguments regarding venue and recusal because judicial immunity is absolute. The application of the doctrine to dismiss the plaintiff's complaint would be the same in any court and before any judge.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis be and hereby is **granted**. (Docket #2).

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel be and hereby is **denied as moot**. (Docket #4).

**IT IS FURTHER ORDERED** that the plaintiff's motion to change venue be and hereby is **denied as moot**. (Docket #5).

**IT IS FURTHER ORDERED** that the plaintiff's motion for recusal be and hereby is **denied as moot**. (Docket #6).

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has

incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Bureau of Prisons or its designee shall collect from the plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin this __26th__ day of November, 2010.

BY THE COURT:


s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge